Filed 5/21/24  P. v. Sides CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C099171 |
| v. | (Super. Ct. No. 22CR000403) |
| DYLAN THOMAS SIDES, | |
| Defendant and Appellant. | |

Defendant Dylan Thomas Sides pleaded guilty to driving under the influence of alcohol and causing injury, and he admitted a multiple victim enhancement allegation and four great bodily injury enhancement allegations.  The parties agreed to a six-year sentence lid and dismissal of three great bodily injury enhancement allegations.  The trial court sentenced defendant to five years four months in prison, including a consecutive year for the multiple victim enhancement and a consecutive three years for the remaining great bodily injury enhancement.

Defendant now contends (1) the trial court abused its discretion in declining to dismiss the remaining enhancement allegations, and (2) if this court concludes the contention is forfeited for failure to assert it in the trial court, defendant's trial counsel provided ineffective assistance.  We conclude the abuse of discretion contention

1

is forfeited and defendant has not established ineffective assistance of counsel. Accordingly, we will affirm the judgment.

## BACKGROUND

While driving at a high speed in December 2021, defendant turned suddenly and collided with another car, injuring four occupants of the other car. At the time of the accident, defendant was 19 years old and intoxicated.

Defendant pleaded guilty to driving under the influence of alcohol and causing injury. (Veh. Code, § 23153, subd. (a) -- count I) Although defendant admitted four great bodily injury enhancement allegations (Pen. Code, § 12022.7, subds. (a), (c))[1] and one multiple victim enhancement allegation (Veh. Code, § 23558), the parties agreed to a six-year sentence lid and dismissal of one of the section 12022.7, subdivision (a) great bodily injury enhancement allegations and both of the section 12022.7, subdivision (c) great bodily injury enhancement allegations.

A July 2023 probation report indicated that defendant's father killed defendant's mother and then himself when defendant was 12 years old. Defendant lived in several households until he turned 17 years old and started living independently. He had been diagnosed with post-traumatic stress disorder. The report stated there were no aggravating circumstances (Cal. Rules of Court, rule 4.421)[2] and two mitigating circumstances, that defendant had no prior criminal record and he was younger than 26 years old at the time of the crime (rule 4.423(b)(1) & (b)(6)).

Defendant's trial counsel submitted a statement of mitigating circumstances, emphasized there were no aggravating circumstances, and asked the trial court to order probation or a suspended sentence and to stay sentence on the multiple victim

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule references are to the California Rules of Court.

2

enhancement pursuant to section 654. Defendant's counsel did not request that the remaining enhancements be dismissed under section 1385. The trial court sentenced defendant to state prison for an aggregate term of five years four months, consisting of the following: the low term of 16 months for driving under the influence and causing injury, plus a consecutive year for the multiple victim enhancement and a consecutive three years for the remaining great bodily injury enhancement (§ 12022.7, subd. (a)).

Defendant did not obtain a certificate of probable cause.

DISCUSSION

I

Defendant contends the trial court abused its discretion in declining to dismiss the remaining enhancement allegations. He claims dismissal was appropriate because multiple enhancements were alleged in a single case and his crime was connected to childhood trauma.[3]

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to add subdivision (c), which provides that a trial court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal is prohibited by an initiative statute. (§ 1385, subd. (c)(1).) In exercising its discretion under subdivision (c)(1), a trial court shall consider and afford great weight to evidence of enumerated circumstances, including that multiple enhancements were alleged in a single case and that the offense was connected to childhood trauma. (§ 1385, subd. (c)(2)(B), (E).) Proof of such circumstances weighs greatly in favor of dismissing

---

[3] In addition to forfeiture, the People argue defendant cannot assert this contention because he agreed to the remaining enhancements, he is challenging the validity of his plea, and he did not obtain a certificate of probable cause. We will proceed to the forfeiture argument because defendant is not arguing the sentence is unauthorized, he is arguing the trial court abused its discretion. He is not challenging the validity of the plea.

3

an enhancement unless the trial court finds dismissal would endanger public safety. (§ 1385, subd. (c)(2).)

Defendant's sentencing hearing occurred in August 2023, long after the changes to section 1385 went into effect. In exercising its discretion to determine the appropriate sentence, the trial court considered defendant's youth, background, and lack of prior convictions, imposing the low term on defendant's conviction for driving under the influence. Defendant's counsel requested probation or a suspended sentence and a stay of the multiple victim enhancement, but did not request dismissal of any enhancement. On this record, defendant's claim of abuse of discretion is forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 352-353 [forfeiture results where a defendant fails to object to a trial court's discretionary sentencing choice].)

## II

Anticipating forfeiture, defendant argues in the alternative that his trial counsel was ineffective in failing to request dismissal of the remaining enhancements.

To establish a claim of ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010.) On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Mai,* at p. 1009.)

Here, defense counsel provided the trial court with a statement of mitigating circumstances and emphasized there were no aggravating circumstances. Defense counsel's efforts in the case resulted in the dismissal of three admitted enhancement allegations and a low term sentence for driving under the influence causing injury, notwithstanding that victims had sustained broken ribs and collapsed lungs. The record

4

does not affirmatively show the lack of a rational tactical purpose, counsel was not asked for an explanation, and we cannot say there could be no satisfactory explanation. Defendant has not established ineffective assistance of counsel on direct appeal.

DISPOSITION

The judgment is affirmed.

        /S/         
MAURO, J.

We concur:

        /S/         
HULL, Acting P. J.

        /S/         
ROBIE, J.